Manly, J.
 

 The first ground of objection to the proceed-' ings will not sustain a motion to quash. The statute (Rev, Code, chap. 7, sec. 3,) requires an affidavit of the debt and a bond for costs, and also for damages which may be recovered, before the officer is authorised to issue the attachment, and directs that the bond, together with tbe' affidavit of the party complaining, subscribed with his proper name, shall be returned, &c. But it provides, at the close of the section, that
 
 *142
 
 every attachment issued without bond and affidavit taken and returned as aforesaid, shall be
 
 abated on the flea of the defendant.
 

 A form of affidavit is set out in the proceedings, but it is neither subscribed, nor is it certified in the usual way. However fatal such a defect might be, if brought forward
 
 by flea in
 
 abatement, we think it quite clear, it can only be taken advantage of in that way. This is the mode of redress given by the statute, and excludes all others.
 

 There are obvious reasons why the Legislature might require an absconding, or non-resident, debtor to enter an appearance and replevy, before he could be permitted to take exception to the form of proceeding in a matter not at all touching the merits of the complaint. The law, at any rate, gives this remedy, and we think no other is admissible.
 

 This complaint was made to the clerk of the court of pleas and quarter sessions of Pitt county, and the attachment was issued by him. It is expressly provided by the statute, that this officer shall have the power to receive such complaint and issue process, and the objection, therefore, to the officer is untenable.
 

 ■ To the 3rd objection, that there was no bond given to secure the defendant’s cost, it is to be observed, a bond has been taken and returned, and it-is the bond prescribed by the statute. Whatever
 
 we
 
 may think of it, the Legislature seems to have thought it fulfilled the requirement of the law. Be this as it may, we think the alleged defective conditions of the bond, can only be taken advantage of by the plea. Here again reasons may be perceived, why the Legislature would not allow one to take advantage of such defects without appearing and pleading, as in the matter of defect, now under consideration, the Assembly might not deem it expedient to secure the costs of a defendant before any were likely to be incurred.
 

 . Upon the whole, the judgment of this Court is, there was no error below in refusing to quash.
 

 This must be certified to the Superior Court of law for Pitt,
 
 *143
 
 to the end, said Court may proceed with the case. See the case of
 
 Evans
 
 v.
 
 Andrews,
 
 ante 117.
 

 Per,Curiam,
 

 Judgment affirmed.